IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
APR 2 8 2016
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

ALLAN THOMAS PETIT,

    Petitioner,

v.     Civil Action No. **3:15CV309**

HAROLD CLARKE,

    Respondent.

## MEMORANDUM OPINION

Allan Thomas Petit, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). Petitioners who seek habeas relief under 28 U.S.C. § 2254 are limited to challenging the judgment of a single state court. *See* Rules Governing § 2254 Cases in the United States District Courts, Rule 2(e). "A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." *Id.* In the present action, Petit sought to challenge separate judgments from the General District Court of the City of Virginia Beach and the Circuit Court of the City of Virginia Beach (hereinafter, "Circuit Court"). Accordingly, by Memorandum Order entered on December 1, 2015, the Court informed Petit that the Court would not consider any challenges to the General District Court Judgment in the present action. The Court explained that Petit remained free to pursue any challenges to that judgment in his other then-pending 28 U.S.C. § 2254 petition, *Petit v. Clarke*, 3:15CV308 (E.D. Va. filed May 21, 2015), which specifically challenged the General District Court Judgment.

The Court further directed Petit, within fifteen (15) days of the date of entry thereof, to file an amended § 2254 petition for the present action limited solely to claims that challenge the

Circuit Court's Judgment. The Court warned Petit that the failure to complete and return the form in a timely manner would result in dismissal of the action. *See* Fed. R. Civ. P. 41(b).

More than fifteen days (15) elapsed after the entry of the December 1, 2015 Memorandum Order, and Petit failed to file an amended § 2254 petition or otherwise respond. Accordingly, by Memorandum Opinion and Order (ECF Nos. 17, 18) entered on December 21, 2015, the action was dismissed without prejudice.

On December 23, 2015 and December 31, 2015, the Court received Petit's Motions for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e). Additionally, on December 23, 2015, the Court received Petit's Amended § 2254 Petition. The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Here, Petit represents that he did not receive the Court's December 1, 2015 Memorandum Order until December 15, 2015. (ECF No. 20, at 1.) Petit represents that he mailed the Amended § 2254 Petition (ECF No. 19) to the Court six (6) days later. (ECF No. 21, at 2.) Given that Petit promptly complied with the December 1, 2015 Memorandum Order upon receiving the same, it appears manifestly unjust to dismiss the action where his belated response is largely attributable to circumstances beyond his control. *See Hutchinson*, 994 F.2d at 1081 (citations omitted). Accordingly, the Motions for Reconsideration (ECF Nos. 20, 21) will be GRANTED. The December 21, 2015 Memorandum Opinion and Order will be VACATED.

Within thirty (30) days of the date of entry hereof, Respondent SHALL FILE his response to Petit's Amended § 2254 Petition.

An appropriate Order shall issue.

/s/
Roderick C. Young
United States Magistrate Judge

Date: April 27, 2016
Richmond, Virginia

3