

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

ALLAN THOMAS PETIT,

      Petitioner,

v.                                  Civil Action No. **3:15CV309**

HAROLD CLARKE,

      Respondent.

### MEMORANDUM OPINION

Alan Thomas Petit, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 19). In his § 2254 Petition, Petit challenges the revocation of his suspended sentence by the Circuit Court of Virginia Beach on June 20, 2013. (*Id.* at 1.) The record indicates that Petit has now served the sentence imposed on June 20, 2013. (ECF No. 25.) Accordingly, by Memorandum Order entered on October 25, 2016, the Court directed Petit within eleven (11) days of the date of entry thereof to show cause as to why the action should not be dismissed as moot. On November 1, 2016, Petit responded. Petit contends that the action should not be dismissed as moot because the revocation of his suspended sentence caused him to fall behind in his child support payments.

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks,* 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna,* 523 U.S. 1, 7 (1998)).[1] No case or controversy exists unless the petitioner has suffered an actual injury that can "be redressed by a favorable judicial decision."

---

[1] In *Spencer*, the habeas petitioner did not challenge his original conviction, but only the alleged wrongful termination of his parole status. *See Spencer*, 523 U.S. at 8. The Supreme Court observed that the "reincarceration that he incurred as a result of that action is now over, and cannot be undone. Subsistence of the suit requires, therefore, that continuing 'collateral consequences' of the parole revocation be either proved or presumed." *Id.*

*Spencer*, 523 U.S. at 7 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)).  Petit fails to demonstrate that a favorable judicial decision on the present habeas would have any impact on his child support arrearages.  *Idema v. Rice*, 478 F. Supp. 2d 47, 52 (D.D.C. 2007) (observing that "non-statutory consequences that flow from a conviction such as loss of employment prospects . . . are not sufficient to keep a habeas petition from becoming moot upon release" (citing *Lane v. Williams*, 455 U.S. 624, 632–33 (2007))); *cf. Spencer*, 523 U.S. at 17 (rejecting petitioner's suggestion that his habeas was not moot because dismissal of the habeas would preclude him from mounting a 42 U.S.C. § 1983 suit based on the alleged wrongful revocation of his parole).  Because "the term of incarceration imposed by the revocation of [his] suspended sentence has already expired, [Petit's] challenge to that revocation [is] moot." *Tyree v. Dir. of Va. Dep't of Corr.*, No. 7:06CV00447, 2007 WL 895252, at *2 (W.D. Va. Mar. 22, 2007) (citing *Spencer*, 523 U.S. at 13–16).  Accordingly, the action will be DISMISSED AS MOOT.  The Court will DENY a certificate of appealability.

An appropriate Final Order shall issue.

/s/

Roderick C. Young
United States Magistrate Judge

Date: November 18, 2016
Richmond, Virginia